PETER ANDERSON *vs*. McROBERTS & McKEE.

April Term, 1873.

REVIVOR AGAINST HEIRS BINDING ON PERSONAL REPRESENTATIVE.—The personal representative of a decedent cannot come into a cause, by petitions to set aside or review proceedings had previous to his appointment, by revivor against the heirs of the decedent under the Code, § 2849.

*Jno. A. Campbell*, for petitioners.
*J. L. Rice*, for defendants.

THE CHANCELLOR :—Petition of A. F. Whitman administrator of John H. Coussens for an injunction. It alleges that the intestate died on the 23d of April, 1866, leaving a widow and five children named ; that on the 18th of March, 1873, petitioner was appointed and qualified as administrator ; that the intestate's estate is largely insolvent, and the fact has been suggested to the county court on the 17th April, 1873.

The petition then states that in the cause named at the

head of this page, at a sale made on the 2nd day of May, 1860, lots Nos. 2, 9 and 10, as numbered in the plan on file therein, were struck off to petitioner's intestate; lot No. 2 for $1,887.38, and lots 9 and 10 for $1,468.21, for which several amounts he gave notes at one, two and three years with V. K. Stevenson as security. That on the 21st of May, 1868, it is reported by the clerk and master that intestate had paid in full for lot No. 2, except $51.60, and interest from 27th November, 1867, and still owes as follows: Execution No. 2856, 10th May, 1861, $519.41; execution No. 3216, 8th May, 1862, $548.62; execution No. 3352, 20th May, 1864, $608.36. That on June 8th, 1866, *sci. fa.* issued against the widow and children of intestate, and this suit was revived against them. That on the 19th of December, 1868, interest was calculated on all the above judgments up to that date, and lots Nos. 9 and 10 were re-sold, and the amount realized from the sale, to-wit, $407.71, credited on the judgment, leaving a balance due of $1,945.58, with interest from 19th December, 1868. That lot No. 2 was sold by order of the court and purchased by the U. S. Government on the 11th of August, 1866, for $2,732.20. That this sum is improperly charged with $137, as a part of the expenses of the clerk and master in going to Washington, and making two trips to Louisville to collect the purchase-money for said lot No. 2, and said money was received on the 27th November, 1867, *without interest;* that is $2,732.20 less $137, equal to $2,595.20, was credited on the judgments against intestate. That on the 24th of October, 1870, $320 due to intestate in the case of *Wm. McMurry* v. *J. H. Coussens*, was ordered to be applied towards the payment of the judgment for $1,945.28 against intestate as above. This has never been done.

The petitioner charges that the judgment is erroneous and unjust, and should be enjoined,

1. Because interest has been compounded upon it.

2. The charge of $137, traveling expenses, was improperly made.

3. The interest on $2,732 for 1 yr., 3 mos., and 16 days, was improperly remitted, to the damage of the estate.

4. The $320 has not been credited as ordered.

5. At the time petitioner's intestate bid for said land, he was hopelessly insane, and had been for years before, and continued so until his death.

No persons are made defendants to this petition. The petitioner asks that he be permitted to file it in said cause, that the execution on the said judgment be enjoined until the errors set forth are corrected, and the sanity of the testator inquired into, etc.

By the Code, § 2849, it is provided: "If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." This provision is brought into the Code from the act of 1809, 121, 3, and authorizes the suit when thus revived, to be proceeded in as in other cases. *Bandy* v. *Walker*, 3 Head, 568 ; *Boyd* v. *Titzer*, 6 Cold. 568. If, notwithstanding such a revivor, an administrator subsequently appointed could come in, and set aside, review or try over the proceedings thus had, the law would operate as a snare to the opposite party, or be a nullity. Such a construction is inadmissible upon any known rules of statutory exegesis. The proceedings against the heir must, when the suit is properly revived, be as effective as if revivor had been against the personal representatives. In this view, the petitioner cannot be heard to impeach the proceedings at all. He may, if he choose, become a party defendant by motion, but he must take the case as it stands, and can no more be heard to dispute the regularity of the previous steps, than he could if those steps had been taken against his intestate or a previous administrator. The estate has had its day in court by the proper parties designated by the law, and cannot be heard to litigate the same matters again.

For another reason the petition cannot be entertained. The petitioner does not show that any judgment has been taken against him or the personal assets which have come to

his hands to be administered; and unless the judgment is against him, or he is aggrieved by it, it is clear that he can have no status in court. If, as he says, the estate he represents is largely insolvent, the persons interested in the judgment may not care to revive it against him, and may choose to look only to the original security on the intestate's notes. He, as administrator, has no interest in the real estate descended.

The first ground upon which the petition is based, is a supposed error in the judgment, the execution on which is sought to be enjoined. To that extent, the petition seeks to surcharge and falsify the accounts upon which the judgment was rendered. This cannot be done by petition. The judgment is no longer under my control, nor can it be attacked collaterally. The remedy is by writ of error to a higher court, bill of review, or bill in the nature of a bill of review, if either of them will lie. *Meek* v. *Mathis*, 1 Heisk. 534.

The second and third grounds, if already passed upon by the court, are in the same category. The petition does not distinctly show how this is. If they have not been adjudged, that is to say, if the items complained of have not been actually settled by confirmation of some report, by order or decree, the heirs of J. H. Coussens may still have them acted upon, by having the facts brought before the court for adjudication. They may be entitled, upon a proper showing, to a temporary injunction to the extent of these credits. The present petition is not sufficient. Ch. Rules vi, Sec. 4.

Nor is the petition sufficient on the fourth ground of application, even if it were filed by the heirs. The mere fact that an order was made in the case of *McMurry* v. *Coussens*, to which the persons interested in this judgment are not alleged to have been parties, directing $320 to be applied towards the payment of the judgment, and that the order has not been executed, is certainly no ground for staying execution. It must be averred that such persons were instrumental in procuring the order, and were in fault in its non-execution.

The last ground is, it is obvious, not a matter which can be set up by petition, or even by answer alone, at this stage of the cause. It requires a cross-bill, or an original bill in the nature of a cross-bill, and very strong reasons besides to explain the delay. The injunction must be refused.